**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 5:08-cr-00089

CHARLES E. GWINN,
aka Eric Gwinn,

        Defendant.

**ORDER**

Before the Court is Defendant's Motion to Correct Judgment Entered on March 2, 2009 [Docket 39]. Defendant alleges that two scrivener's errors appear in the Judgment Order [Docket 32]. First, Defendant contests a provision of the Judgment Order that states, "The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer, and the defendant shall provide the probation officer access to any requested financial information." (Docket 32 at 3.) Defendant claims that this requirement is inconsistent with the Court's statement at the sentencing hearing held February 19, 2009. At the hearing, the Court stated that Defendant would "be prohibited from incurring new credit charges or opening additional lines of credit without the probation officer's approval, unless [he is] in compliance with the fine payment schedule." (Docket 37 at 11.) Defendant argues that, because he has paid his fine and restitution in full, he should be able to open lines of credit without approval from his probation officer.

Secondly, Defendant challenges the portion of the Judgment Order that states, "The defendant's travel restriction is modified to allow for his unlimited travel throughout Virginia and West Virginia for work-related purposes." (Docket 32 at 3.) Defendant claims that "[t]he [C]ourts decision to permit travel throughout the two states was not limited to 'work-related' travel." (Docket 39 at 3.) In support of his proposition, Defendant cites to the following statement made by the Court at the sentencing hearing: "I'll go ahead and include in the probation condition that he will be permitted to travel within Virginia and West Virginia." (Docket 37 at 14.) However, this statement is taken out of context. A review of the sentencing script makes clear that the Court was referring exclusively to business-related travel when including the condition that Defendant be permitted to travel within Virginia and West Virginia. (*See* Docket 37 at 12-14.)

Upon review of these arguments, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion to Correct Judgment Entered on March 2, 2009 [Docket 39]. For reasons appearing to the Court, Defendant's motion is **GRANTED** with respect to the first ground. Having satisfied his financial obligations to the Court, Defendant is no longer required to seek permission from his probation officer prior to opening lines of credit. Defendant's motion is **DENIED** with respect to the second ground. Defendant is permitted to travel within Virginia and West Virginia freely only for the purpose of conducting business. Any travel that is not business related must restricted to the Eastern District of Virginia and the Southern District of West Virginia or must be pre-approved by Defendant's probation officer.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: July 9, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE